**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

STATE OF NEW JERSEY, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF NEW YORK, COMMONWEALTH OF MASSACHUSETTS, CITY OF NEW YORK,

                              Plaintiffs,

                                  v.

ANDREW R. WHEELER, *Administrator of the United States Environmental Protection Agency*, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

                              Defendants.

No. 20 Civ. 1425 (JGK)

---

## DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1(b)

Defendants Andrew Wheeler, Administrator of the Environmental Protection Agency ("EPA"), and EPA, by their attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, respectfully submit this response and counter-statement in opposition to the Rule 56.1 Statement of Material Facts in Support of Motion for Summary Judgment submitted by Plaintiffs.

### RESPONSE TO PLAINTIFFS' RULE 56.1 STATEMENT

In responding to Plaintiffs' 56.1 Statement, the Government does not concede that any of the asserted "facts" are "material" within the meaning of Local Rule 56.1.

1. Defendant Andrew R. Wheeler is the Administrator of the United States Environmental Protection Agency.

**Response:** Undisputed.

2. Defendant United States Environmental Protection Agency (together with Administrator Wheeler, "EPA") is an executive agency of the United States government and is charged with implementing the Clean Air Act, 42 U.S.C. § 7401, et seq. (the "Act"), including the provisions in 42 U.S.C. § 7410(a)(2)(D)(i)(I) (the "Good Neighbor Provision") and 42 U.S.C. § 7410(c)(1), in cooperation with the states.

**Response:** Undisputed.

3. Ground-level ozone causes a variety of negative effects on human health, vegetation, and ecosystems. In humans, acute and chronic exposure to ozone is associated with premature mortality and a number of morbidity effects, such as asthma exacerbation. Ozone exposure can also negatively impact ecosystems, for example, by limiting tree growth. See 81 Fed. Reg. 74,504, 74,505 (Oct. 26, 2016).

**Response:** Undisputed.

4. EPA promulgated revised national ambient air quality standards for ozone in 2008 ("2008 ozone NAAQS"), set at a level of 75 parts per billion ("ppb").

**Response:** Undisputed.

5. On July 13, 2015, EPA published notice in the Federal Register that 24 states, including Illinois, Michigan, Pennsylvania, Virginia, and West Virginia, had failed to submit state implementation plans ("SIPs) to satisfy their obligations under 42 U.S.C. § 7410(a)(2), the Good Neighbor Provision, for the 2008 ozone NAAQS. See 80 Fed. Reg. 39,961 (Jul. 13, 2015). The effective date of that final action was August 12, 2015.

**Response:** Undisputed.

6. Additionally, on June 15, 2016, EPA published notice in the Federal Register that the Good Neighbor SIPs submitted by Indiana and Ohio had been disapproved for failing to fully

satisfy their obligations under the Good Neighbor Provision for the 2008 ozone NAAQS. See 81 Fed. Reg. 38,957, 38,961. The effective date of this final action was July 15, 2016.

**Response:** Undisputed.

7. EPA has not, to date, approved a SIP or SIP revision for Illinois, Indiana, Michigan, Ohio, Pennsylvania, Virginia, or West Virginia (the "Upwind States") correcting their failures to submit SIPs that satisfy their Good Neighbor Provision obligations for the 2008 ozone NAAQS.

**Response:** Undisputed.

8. EPA's July 13, 2015 finding of failure to submit and its June 15, 2016 disapproval each triggered a deadline pursuant to section 110(c)(1) of the Act, 42 U.S.C. §7410(c)(1), for EPA to issue federal implementation plans ("FIPs") within two years of the effective date of those actions that fully address the Upwind States' respective obligations under the Good Neighbor Provision with regard to the 2008 ozone NAAQS, with a deadline of August 12, 2017 for Illinois, Michigan, Ohio, Pennsylvania, Virginia, and West Virginia, and a deadline of July 15, 2018 for Indiana and Ohio.

**Response:** This paragraph states a legal conclusion, to which no response is required. To the extent a response is required, EPA does not dispute the statutory deadlines.

9. EPA has not, to date, taken action fully resolving interstate transport obligations under the Good Neighbor Provision for the 2008 ozone NAAQS for the Upwind States.

**Response:** Disputed. EPA has taken action fully resolving interstate transport obligations under the Good Neighbor Provision for the 2008 ozone NAAQS for the Upwind States, through the CSAPR Update and the Close-Out Rule. The CSAPR Update was subsequently remanded with instruction for EPA to provide a complete remedy (or a showing of impossibility), and the Close-Out Rule was vacated. *See Wisconsin v. Envtl. Prot. Agency*, 938 F.3d 303 (D.C. Cir. 2019); *New York v. Envtl. Prot. Agency*, 781 F. App'x 4 (D.C. Cir. 2019).

10. In a prior related case, *New York v. Pruitt*, No. 18-cv-406 (JGK), 2018 WL 2976018 (S.D.N.Y. Jun. 12, 2018), EPA agreed that a deadline of less than 8 months from the filing of the

joint statement of undisputed facts in that case was a feasible amount of time to promulgate a final action fully addressing their obligations under the Good Neighbor Provision for the 2008 ozone NAAQS for Illinois, Michigan, Pennsylvania, Virginia, and West Virginia. See Attachment A at ¶ 13.

**Response:** Undisputed except as to materiality; the *Pruitt* case does not offer a meaningful point of comparison for the time needed for EPA to address comprehensively the Good Neighbor Provision for the 2008 NAAQS pursuant to the *Wisconsin* remand. *See* Idsal Decl. ¶¶ 89, 177.

11. Pursuant to section 304(b) of the Act, 42 U.S.C. §7604(b), the plaintiffs sent notice to EPA on December 20, 2019 of their intention to file suit against EPA for its failure to preform nondiscretionary duties outlined in 42 U.S.C. § 7410(c)(1), i.e., EPA's failure to issue FIPs that fully address the Upwind States' respective obligations under the Good Neighbor Provision with regard to the 2008 ozone NAAQS.

**Response:** Undisputed that Plaintiffs sent such notice purporting to identify a nondiscretionary duty.

12. The statutory 60-day notice period expired without action by EPA fulfilling the duties described as mandatory in the notice letter, whereupon plaintiffs filed and served the complaint at bar.

**Response:** Undisputed that Plaintiffs filed suit 60 days after sending notice. Disputed that EPA had any mandatory duties to which the statutory 60-day notice period applied.

Dated: June 5, 2020
New York, New York

                        GEOFFREY S. BERMAN
                        United States Attorney for the
                        Southern District of New York
                        *Attorney for Defendants*

By:   */s/ Lucas Issacharoff*
        LUCAS ISSACHAROFF
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.:   (212) 637-2737
        Fax:   (212) 637-2702
        Email: lucas.issacharoff@usdoj.gov