

*State of New Jersey*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 093
TRENTON, NJ 08625-0093

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

July 20, 2020

BY ECF
Honorable John G. Koeltl, U.S.D.J.
United States District Court
Southern District of New York
Daniel P. Moynihan Federal Courthouse
500 Pearl Street
New York, New York 10007-1312

RE:  State of New Jersey v. Wheeler, Case No. 1:20-cv-01425-JGK

Dear Judge Koeltl:

As directed by Your Honor, the parties hereby submit this joint correspondence regarding possible settlement of the above-captioned matter.

Defendants' Statement:

EPA has expressed to Plaintiffs a willingness to negotiate on the rulemaking schedule, both directly and through mediation. While EPA continues to believe that it is impossible to promulgate and finalize a rule comprehensively addressing all emissions sources in advance of the 2021 ozone season, EPA is open to negotiating a rulemaking schedule different from that proposed in the Idsal Declaration.

Plaintiffs' Statement:

The Plaintiffs' acknowledge EPA's offer to modify the rule-making schedule proposed in the Idsal Declaration, but do not believe that the different schedule suggested by EPA addresses the States' concerns or complies with the statute, particularly because it will not provide the relief the States are entitled to before the 2021 ozone season. Similarly, we do not see mediation as a productive endeavor given the significant differences between the parties and the extensive efforts at negotiation



HUGHES  JUSTICE COMPLEX  •  TELEPHONE: (609)376-2789  •  FAX: (609)341-5031
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

July 20, 2020
Page 2

undertaken by the parties before the cross-motions for summary judgment. Therefore, the Plaintiff States respectfully request that the Court issue a decision and order in this matter.

*New York v. EPA*, No. 19-1231 (D.C. Cir. July 14, 2020)

Your Honor also requested the parties to address whether the D.C. Circuit's decision in *New York v. EPA* had any relevance to the underlying matter.

Defendants' Analysis:

*New York v. EPA*, No. 19-1231 (D.C. Cir. July 14, 2020), confirms the D.C. Circuit's holdings in *Wisconsin v. EPA*, 938 F.3d 303 (D.C. Cir. 2019), and *New York v. EPA*, 781 F. App'x 4 (D.C. Cir. 2019), that the CSAPR Update and CSAPR Close-Out did not fully comply with the Clean Air Act's Good Neighbor Provision, and that EPA must revise the FIPs accordingly. EPA does not contest this. The *New York* opinion does not directly bear upon the key jurisdictional question in this case, whether the statutory deadline by which to promulgate FIPs remains outstanding. Nor does it impact the schedule: EPA has already committed to analyze the 2021 Serious area attainment date for the 2008 ozone NAAQS and implement, to the extent possible, any necessary emission control strategies to resolve significant contribution by that date. See Idsal Decl. ¶ 10. EPA's proposed bifurcated rulemaking schedule to allow additional time to complete a full-remedy rulemaking is expressly premised on a demonstration of impossibility in compliance with *Wisconsin*. See id.

Plaintiffs' Analysis:

In *New York v. EPA*, No. 19-1231 (July 14, 2020), the D.C. Circuit Court of Appeals vacated and remanded the EPA's denial of the State of New York's March 2018 petition under section 126(b) of the Clean Air Act (Act), 42 U.S.C. § 7426(b). Slip Op. at 3. New York's petition sought a finding from EPA that approximately 350 specific stationary sources in nine upwind states were operating in violation of the Good Neighbor Provision of the Act, 42 U.S.C. § 7410(a)(2)(D)(i)(I), by significantly contributing to nonattainment or interfering with maintenance of the 2008 and 2015 ozone national ambient air quality standards (NAAQS) in New York.

Section 126 is one of several provisions in the Act that seek to remedy the interstate transport of air pollution from

July 20, 2020
Page 3

upwind to downwind States. Section 126 provides a source-specific remedy that allows for direct federal regulation of specific sources or groups of sources to address their distinct contributions to cross-state pollution — a remedy that is separate and independent from the state-level federal implementation plans (FIPs) at issue in this deadline enforcement litigation.[1]

The section 126 Petition at issue in *New York* relates to EPA's unmet FIP obligations at issue in this case only to the extent that both concern upwind violations of the Good Neighbor Provision under the 2008 ozone NAAQS. Because section 126 is an independent remedy directed at specific sources, even if on remand from the New York decision EPA were to grant New York's section 126 petition in whole or in part, it would provide relief only from a defined group of specific sources that would be required to operate according to specific emissions limits set for each source by EPA under section 126(c), 42 U.S.C. § 7426(c). Any EPA findings under section 126(b) and emissions limits established under section 126(c) would not fulfill EPA's unmet statutory obligation to promulgate FIPs for the upwind states named in the complaint or necessarily provide the complete remedy for the plaintiff states required by the Act. Therefore, the relief plaintiffs seek in the complaint and on this motion are unaffected by *New York* and remain necessary to ensure EPA's expeditious compliance with the Act.

Please contact me if you have any questions.

Very Truly Yours,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: _/s/ *Robert J. Kinney*
Robert J. Kinney
Deputy Attorney General

C:    AUSA Lucas Issacharoff, USAO for the Southern District of NY
(by e-mail)
Counsel of Record via CM/ECF

---

[1] States need not wait for the completion of state or federal implementation plans under the Good Neighbor Provision before petitioning EPA for source-specific relief under section 126. *Appalachian Power Co. v. EPA*, 249 F.3d 1032, 1047-48 (D.C. Cir. 2001).